

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. P. Smallin
Assistant County Auditor
Gaines County
Seminole, Texas

Dear Sir:

Opinion No. O-5295
Re: If a man serving as county attorney enters the race for a
second term and is re-elected,
but before his first term expires moves out of the county,
by what procedure and by whom
is his successor appointed?

Your letter of May 4, 1943, requesting the opinion
of this department on the above stated question is as follows:

"If a man serving as County Attorney enters
the race for a second term and is re-elected, but,
before his first term expires moves out of the
County, by what procedure and by whom is his suc-
cessor appointed?

"In explanation of the above question will
state that W. A. Griffis Jr. was elected County
Attorney of Gaines County, and served for the year
of 1941 and until the latter part of 1942. Was
re-elected without opposition for a second term.
After the primary, but before the general elec-
tion he moved to Dallas, Texas, and entered Govern-
ment work. He appointed his successor before
leaving, and refuses to resign without the assur-
ance that his choice receive the appointment.
This assurance has not been given and his appointee
is acting in that capacity.

"The Commissioners Court asked me to get your
opinion as to the legality of this appointment,

Honorable L. P. Smallin, Page 2

"and as to what procedure should be taken. There is dissatisfaction and complaint from voters of the County, and the Court wishes to handle this in the proper manner."

Before a successor to the County Attorney can be appointed a vacancy must exist in such office. In case of a vacancy the Commissioners' Court of the county shall have power to appoint a County Attorney until the next general election. (Article 5, Section 21, State Constitution; Article 2355, Vernon's Annotated Civil Statutes).

It is noted that you state in effect that the County Attorney appointed his successor before leaving the county. The County Attorney has no authority whatsoever to appoint his successor. We assume that he appointed an assistant as authorized by Article 331, Vernon's Annotated Civil Statutes, and that the appointment of an assistant was in compliance with such statute. Generally speaking, under the general statutory law, county officers coming within the provisions of the maximum fee bill are required to apply to the Commissioners' Court for authority to appoint deputies, assistants or clerks, and such court may make an order authorizing their appointment, determine the number to be appointed, and fix the compensation to be paid them within certain prescribed limits. The authority thus conferred upon the Commissioners' Court to assist in the appointment of deputies can be exercised only in the manner prescribed. If the statutory requirements are not complied with, the appointment of a deputy or an assistant is void, and he may be ousted through quo warranto proceedings at the instance of the State. (State v. Johnson, 52 S. W. (2) 110; Texas Jurisprudence, Vol. 34, page 602; Article 3902, Vernon's Annotated Civil Statutes).

The appointment of an assistant is coextensive in duration with the tenure of the officer appointing him, and, unless sooner removed, he holds until the expiration of the officer's term, and ceases to hold at that time unless he is reappointed.

In view of the facts stated in your letter it is apparent that Senate Bill No. 145, Acts of the 48th Legislature, Regular Session, 1943, has no application to the questions presented.

Section 9, Article 16, of the State Constitution provides:

Honorable L. P. Smallin, Page 3

"Absence on business of the State, or of the
United States, shall not forfeit a residence once
obtained, so as to deprive any one of the right of
suffrage, or of being elected or appointed to any
office under the exceptions contained in this Con-
stitution."

Section 14, Article 16, of the State Constitution
provides:

"All civil officers shall reside within the
State; and all district or county officers within
their districts or counties, and shall keep their
offices at such places as may be required by law;
and failure to comply with this condition shall
vacate the office so held."

With reference to Section 14, Article 16, of the
State Constitution, it is stated in the case of Ehlinger et
al. v. Rankin, 29 S. W. 240:

". . . This provision of the constitution, in
so far as it relates to the place of residence of
the several state, district, and county officers,
is self-enacting, and requires no legislative ac-
tion to put it into force and effect. The provi-
sion of the constitution is express in declaring
that county officers shall reside within their
counties. This provision evidently means that the
county mentioned is the county in which the officer
was elected. Then follows the declaration, in ef-
fect, that the failure to so reside in said county
shall vacate the office. The constitution is ex-
press upon this point. It declares, in effect,
that failure to comply with its terms with refer-
ence to residence will bring about a vacancy in
the office. If an officer removes from the county,
and establishes a residence elsewhere, this is a
fact that, by reason of the provision of the consti-
tution quoted, vacates the office to which he was
elected and to which he has qualified. If the
removal exists, and it is permanent in character,
the constitution declares that a vacancy occurs.
If, as a fact, a vacancy has occurred, from what-
ever cause it may arise, the commissioners' court

Honorable L. P. Smallin, Page 4

of the county have the exclusive power to fill it by the appointment of some suitable person until the next general election. The fact that gives the commissioners' court the jurisdiction to exercise this appointing power is that a vacancy exists, and if this is true, as a matter of fact, it becomes their duty to exercise this jurisdiction in furtherance of the public interest. The commissioners' court have not the authority to judicially determine a right of one to an office, or to remove a legally qualified officer from his office, for the jurisdiction in this matter lies within the exclusive cognizance of the district court; but if, as a fact, a vacancy does exist, then it becomes the duty of the commissioners' court to fill it.

"The answer in this case that sets up the judgment of the commissioners' court declaring that the appellee had vacated his office presents no valid or legal defense, as that court had no jurisdiction to adjudicate this question, except in so far as it may have been necessary to go into this fact in order for the court to satisfy itself that a circumstance had arisen that authorized or required it to appoint an officer to an office they were required to fill, if a vacancy in fact existed. But the answer in averring the fact that the appellee had removed from the county of Fayette, and had thereby vacated his office, and that the court, upon that fact, had legally appointed the appellant Ehlinger, and that he had duly qualified as such appointee, presented an issue of fact, if true, which would have authorized the court to appoint him to the office, and which would authorize him to retain and hold it against the claims of appellee. The action of the commissioners' court in appointing the appellant is to be determined by the then existing facts; and if they show that the appellee had permanently removed from the county, then a vacancy resulted, and the court had authority to fill it by the appointment of Ehlinger. The answer in this respect presented an issue of fact, and the question to be determined from these averments is, had the

appellee removed from the county? If this was true, a vacancy in the office resulted by virtue of the section of the constitution discussed, and it became the duty of the commissioners' court to fill the vacancy. The question of vacancy, in the main, is one of fact, as arises under this provision of the constitution; and, if this exists as a fact, appellee, Rankin, shows no right to the office. . . ."

If there is a vacancy in the office of County Attorney the Commissioners' Court is authorized and it is its duty to appoint a successor to such office. However, the question of vacancy, in the main, is one of fact, as arises under Section 14, Article 16, of the Constitution.

Yours very truly

ATTORNEY GENERAL OF TEXAS

*Ardell William*

Ardell Williams
Assistant

APPROVED MAY 20, 1945 BY

ATTORNEY GENERAL OF TEXAS

AW:mp


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN